UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD STERN, | : | |
| Plaintiff, | : | Civil Action No.: 07-0609 (RMU) |
| v. | : | Document Nos.: 6, 10, 14, 21 |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

DENYING THE DEFENDANT'S MOTION TO DISMISS;
DENYING THE DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT[1];
FINDING AS MOOT THE PLAINTIFF'S MOTION TO STAY TRANSFER ORDER;
DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This case comes back before the court on the defendant's motion to alter or amend the court's earlier decision denying its motion to transfer the case to the Southern District of Georgia. The Federal Bureau of Prisons ("the Bureau" or "the defendant") requests that the court transfer the plaintiff's suit because, unbeknownst to it at the time of its original motion to transfer, the plaintiff had filed an almost identical complaint with this court, which Judge Sullivan *sua sponte* transferred out of the district. This new revelation does not, however, convince the court to revisit its earlier judgment, and the court denies the defendant's request to alter or amend its judgment.

The Bureau also requests that the court dismiss the plaintiff's complaint for failing to state a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, because

---

[1] The defendant styles its motion as a one for reconsideration. However, because the court has not issued a final judgment, the court construes the defendant's motion as one to alter or amend pursuant to Federal Rule of Civil Procedure 54(b). *See* FED. R. CIV. P. 54(b) (providing for "revision [of a decision] at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties").

the Bureau had authority in 1987 to promulgate the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11(a)(2), which the plaintiff now challenges. The court concludes, however, that the plaintiff has stated a claim under the APA because he alleges that the Bureau's regulation runs afoul of the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, which Congress enacted in 1996. Accordingly, the court denies the Bureau's motion to dismiss. Finally, the court denies without prejudice the plaintiff's motion for summary judgment so that the parties may fully refine their arguments.

## II. BACKGROUND

On January 21, 2005, Judge Gary A. Feess of the United States District Court for the Central District of California sentenced the plaintiff, Ronald Stern, to 84 months in prison and ordered him to pay $2,139,860.12, later reduced to $1,888,161.62, in restitution under the MVRA, 18 U.S.C. § 3663A. Def.'s Mot. to Alter or Amend J., Mot. to Dismiss, Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Mot.") at 2, 4. Judge Feess ordered that the plaintiff pay restitution during his incarceration pursuant to the Bureau's IFRP but did not designate a schedule for such payments. *Id.* at 4. The Bureau enrolled the plaintiff in its IFRP, 28 C.F.R. § 545.11(a)(2), and established a schedule for the plaintiff's payments. Pl.'s Opp'n at 1.

While detained at a correctional facility in Jesup, Georgia, on March 16, 2007, the plaintiff filed a complaint in this court challenging the Bureau's authority to set payment schedules for restitution ordered under the MVRA. Compl. ¶ 1. Specifically, the plaintiff contends that at least part of the IFRP has been rendered invalid by the MVRA, asserting that "the [Bureau's] use of the IFRP to set payment schedules for restitution under the MVRA is . . .

in excess of statutory authority because only the courts can set payment schedules for restitution." *Id.* ¶¶ 2, 8.

Less than a week later, the plaintiff filed an almost identical complaint in this court. *See Stern v. BOP*, No. 07-564 (D.D.C. 2007). That same day, Judge Sullivan *sua sponte* issued a Memorandum Opinion and Order transferring that case to the Southern District of Georgia, because venue is more appropriate there. *Stern v. BOP*, 2007 WL 1555830 (D.D.C. Mar. 22, 2007). On August 3, 2007, the Bureau filed a motion to transfer in this case without mentioning Judge Sullivan's prior decision. On October 15, 2007, the court denied the Bureau's motion because the issues before the court are purely legal and do not affect the length of the defendant's sentence. Mem. Op. (Oct. 15, 2007) at 4-5. One month after the court issued this opinion, the Bureau filed a motion to reconsider the denial of its motion to transfer, bringing to the court's attention for the first time Judge Sullivan's earlier decision to transfer. Def.'s Mot. at 7. This motion also requested that the court dismiss the plaintiff's complaint for failing to state a claim for which relief can be granted. *Id.* at 9-13. The court now turns to the defendant's requests.

### III. ANALYSIS

#### A. The Court Denies the Defendant's Motion to Alter or Amend Judgment

##### 1. Legal Standard for Altering or Amending an Interlocutory Judgment

A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b); *see also Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (citing Federal Rule of Civil Procedure 60(b)'s Advisory Committee Notes). The standard of review for

interlocutory decisions differs from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and 60(b). *Compare Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 42, 48 n.6 (D.D.C. 2001) *and United Mine Workers v. Pittston Co.*, 793 F. Supp. 339, 345 (D.D.C. 1992) *with LaRouche v. Dep't of Treasury*, 112 F. Supp. 2d 48, 51-52 (D.D.C. 2000) *and Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996). A motion pursuant to 59(e), to alter or amend a judgment after its entry, is not routinely granted. *Harvey*, 949 F. Supp. at 879. The primary reasons for altering or amending a judgment pursuant to Rule 59(e) are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Id.*; *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). Motions pursuant to Rule 60(b) may be granted for similar reasons. FED. R. CIV. P. 60(b); *LaRouche*, 112 F. Supp. 2d at 51-52. Reconsideration of an interlocutory decision is available under the standard, "as justice requires." *Childers*, 197 F.R.D. at 190.

### 2. The Bureau's Forum Shopping Claim is Bankrupt

The Bureau argues that the plaintiff is forum shopping because he filed "a virtually identical complaint – while the captioned case was pending." Def.'s Mot. at 8. The Bureau also contends that the plaintiff's choice of forum should be given less deference when the forum he chooses is not his home. *Id.* The plaintiff retorts that the duplicative complaints were due to a filing error in the clerk's office, nothing more. Pl.'s Opp'n 2-4. Notably, the Bureau does not respond to the plaintiff's remarks.

The record does not support the Bureau's assertion that the plaintiff is forum shopping; rather, it supports the plaintiff's contention that he first attempted to file a complaint in December 2006. Once this first complaint emerged from hiding on March 16, 2007, Judge Sullivan granted the plaintiff leave to file "nunc pro tunc December 29, 2006." Compl. at 1.

4

Only after waiting three months with nary a word from the court did the plaintiff file a second complaint. *See Stern v. BOP*, No. 07-564 (D.D.C. 2007). The court, therefore, concludes that it was reasonable for the plaintiff to believe that his first complaint had been lost in the three months between mailing the complaint and the clerk's office docketing the complaint, thus, necessitating a re-filing of his complaint.[2] The court adequately put to rest the Bureau's remaining argument (*i.e.*, that the plaintiff's choice of forum should be given less deference when the forum he choose is not his home) in its Memorandum Opinion denying the Bureau's motion to transfer. Mem. Op. (Oct. 15, 2007) at 5 (determining that the "only issues before the court are legal" and concluding that "the Bureau has not met its burden of proving that transfer is convenient and in the interest of justice").[3] Accordingly, the court denies the Bureau's motion to alter or amend judgment.[4]

### B. The Court Denies the Defendant's Motion to Dismiss

### 1. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing

---

[2] The plaintiff, after learning that his original complaint had been docketed by the clerk's office, voluntarily dismissed his second complaint, then pending in the Southern District of Georgia. Pl.'s Opp'n at 3-4; Def.'s Mot., Ex. C.

[3] Although the parties do not raise the issue, the court notes that collateral estoppel has no bearing on the court's decision because Judge Sullivan's earlier decision to transfer was made *sua sponte*, *Stern v. BOP*, 2007 WL 1555830 (D.D.C. Mar. 22, 2007), thus preventing the plaintiff from having a "full and fair opportunity to litigate" the issue, *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480 (1982) (quoting *Allen v. McCurry*, 449 U.S. 90, 95 (1980)) (internal quotations omitted).

[4] Because the court denies the defendant's motion to alter or amend judgment, the plaintiff's motion to stay a potential transfer order is moot.

5

FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

### 2. The Plaintiff States a Cognizable Claim

The Bureau proposes that the plaintiff's claim cannot be brought under the APA because the Bureau had ample authority to promulgate the IFRP in 1987. Def.'s Mot. at 10. The plaintiff disputes the Bureau's characterization of his complaint and directs the court to the complaint, which challenges the Bureau's "authority to establish payment schedules for orders of restitution issued under the [MVRA]." Compl. ¶ 1. More specifically, the plaintiff contends that at least part of the IFRP has been rendered invalid by the MVRA. *Id.* ¶ 2. Indeed, he asserts that "the [Bureau's] use of the IFRP to set payment schedules for restitution under the MVRA is . . . in excess of statutory authority because only the courts can set payment schedules for restitution." *Id.* ¶ 8.

While the Bureau is correct that it possessed the authority to promulgate the IFRP in 1987, *Prows v. U.S. Dep't of Justice*, 704 F. Supp. 272, 274-75 (D.D.C. 1988), the plaintiff's claim centers around whether the MVRA, enacted in 1996, has rendered at least part of the IFRP invalid, Compl. ¶¶ 1-2. Thus, the issue before the court is whether the IFRP is contrary to existing law, and the APA explicitly provides for judicial review of these types of claims. 5 U.S.C. § 706(2)(A) (stating that "the reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with the law"); *see Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986) (noting "the strong presumption that Congress intends judicial review of administrative action"); *see also Nat'l Treasury Employees Union v. Devine*, 577 F. Supp. 738, 746 (D.D.C. 1983) (determining that the plaintiffs could maintain an action under the APA alleging that Congress intended to invalidate regulations that had already taken effect). Accordingly, the court denies the Bureau's motion to dismiss.

**C. The Court Denies Without Prejudice the Plaintiff's Motion for Summary Judgment**

Turning to the plaintiff's motion for summary judgment, the court is cognizant that the *pro se* plaintiff filed his motion in combination with an opposition to the Bureau's motion to transfer. The briefing has been further bifurcated by the Bureau's decision to combine its motion to alter or amend judgment, motion to dismiss and opposition to the plaintiff's motion for summary judgment in the same 14-page memorandum. Furthermore, the Bureau insists that "the issue concerning the interaction between the IFRP and the MVRA is not before the Court" and that, therefore, it is has not briefed the issue. Def.'s Mot. at 12 n.7. But as discussed above, this interaction is the crux of the plaintiff's claim. Compl. ¶ 2 (challenging the IFRP as contrary to the MVRA). Having resolved all of the outstanding motions other than the plaintiff's motion for summary judgment, the court determines that the most appropriate course at this time is to deny the plaintiff's motion without prejudice so that the parties have an opportunity to fully consider and fully brief the legal challenge to the IFRP under the APA.

**IV. CONCLUSION**

For the foregoing reasons the court denies the defendant's motion to alter or amend judgment and determines that the plaintiff's motion to stay the court's transfer order is moot. Furthermore, the court denies the defendant's motion to dismiss and denies without prejudice the plaintiff's motion for summary judgment. An order consistent with this Memorandum Opinion is separately and contemporaneously filed this 20th day of March 2008.

RICARDO M. URBINA
United States District Judge