IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

2009 OCT -5 AM 11: 16

| | | |
|---|---|---|
| RONALD STERN, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: CV209-037 |
| FEDERAL BUREAU OF PRISONS, | : | |
| Defendant. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ronald Stern ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a complaint, in the District of Columbia, against the Federal Bureau of Prisons ("BOP") challenging its authority to use the Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11 where the sentencing court failed to set a restitution payment schedule. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner was charged with conspiring to defraud eighteen individuals and eleven companies out of nearly two million dollars. (C.D. Cal., CR03-01220, Doc. No. 1). Petitioner pled guilty to, inter alia, money laundering, wire fraud, and mail fraud. (Id. at Doc. No. 96, p.1). The Honorable Gary A. Feess of the United States District Court for the Central District of California sentenced Petitioner to eighty-four months' imprisonment and ordered him to pay an immediate special assessment of $800 and

$1,888,161.62 in restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664. (Id. at p. 3).

Petitioner appealed his sentence to the Ninth Circuit Court of Appeals but then voluntarily dismissed his appeal. (C.D. Cal., CR03-01220, Doc. Nos. 95, 100). Once incarcerated, the BOP enrolled Petitioner in the IFRP and created a restitution payment schedule. (Doc. No. 35-2, p. 1). Petitioner ceased participating in the IFRP and filed a complaint in the United States District Court for the District of Columbia "challenging the [BOP]'s ability to use the IFRP in setting payment schedules for restitution ordered pursuant to the [MVRA], 18 U.S.C. § 3663A." (Doc. No. 45, p. 2). Petitioner claimed that the BOP's actions constituted a violation of the Administrative Procedures Act ("APA"). (Doc. No. 1, p. 1). In a motion for summary judgment, the BOP asserted that relief is unavailable under the APA, unless "there is no other adequate remedy in a court." 5 U.S.C. § 704. (Doc. No. 35, p. 3). Agreeing with the BOP, the United States District Court for the District of Columbia construed Petitioner's motion as an attack on the manner of the execution of his sentence pursuant to 28 U.S.C. § 2241 and transferred Petitioner's case to this Court.

## DISCUSSION AND CITATION TO AUTHORITY

The MVRA requires the sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2).

Petitioner's sentencing order states:

> Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly

payments of at least $100 shall be made during the period of supervised release.

Id. The parties agree that no restitution payment schedule was set by the court or the United States Attorney. (Doc. No. 35, pp. 2, 9).

The facts in the instant case are analogous to those in Williams v. Pearson, 197 F. App'x. 872 (11th Cir. 2006). In Williams, the petitioner asserted inter alia that the BOP was illegally collecting money from him and had illegally established a payment schedule in violation of the MVRA and the Eleventh Circuit's holding in United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002). Williams, 197 F. App'x. at 874. Williams argued that the BOP's setting of its own payment schedule and its collection of money before his release were violations of the district court's restitution order. Id. Disagreeing, the Court of Appeals for the Eleventh Circuit stated:

> Even assuming the court had not contemplated deducting funds for the purposes of paying restitution, Prouty would not be applicable to the instant case. Prouty was a direct appeal in which the defendant clearly was challenging the district court's order of restitution as being in violation of the MVRA. *From the record in this case, Williams has never directly appealed the court's actual restitution order. If he believed that the district court violated the MVRA by failing to set a schedule, his first remedy should have been to file a direct appeal, and his failure to raise the issue on direct appeal renders the claim procedurally defaulted.* Dohrmann v. United States, 442 F.3d 1279, 1280-81 (11th Cir. 2006) (holding that a prisoner procedurally defaulted on his § 2241 challenge to the district court's initial calculation of restitution) (emphasis added).

Id. at 878.

Like Williams, Petitioner's assertion that the District Court for the Northern District of California neglected to set a restitution payment schedule is a claim that should have been brought on direct appeal. Petitioner's failure to appeal the lack of payment schedule procedurally defaults him from bringing this claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 5th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE